UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIO A. RAMOS, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 1:23-cv-00423 (UNA) |
| | ) |
| UNKNOWN SPECIAL AGENT, *et al.*, | ) <br> ) |
| Defendants. | ) <br> ) |

**MEMORANDUM OPINION**

This matter is before the court on plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed in *forma pauperis* ("IFP"), ECF No. 2.  For the reasons explained below, the IFP application will be granted, and this matter will be dismissed as precluded by *res judicata*.

As background, on November 9, 2001, plaintiff was convicted of conspiracy to possess with intent to distribute over five kilograms of cocaine and over 1,000 kilograms of marijuana, and of possession with intent to distribute over 1,000 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841, by a jury in the United States District Court for the Southern District of Texas.  *See United States v. Ramos*, No. 4:1999cr00457 (S.D. Tex. Filed Aug. 9, 1999), at ECF No. 644 (Jury Verdict).  He was sentenced to, *inter alia*, 405 months' imprisonment.  *See id.* at ECF Nos. 725 (Hearing), 727 (Judgment and Sentence).  On August 4, 2003, the United States Court of Appeals for the Fifth Circuit affirmed the conviction and sentence.  *See id.* at ECF No. 796 (USCA Judgment).

In this matter, plaintiff sues the Drug Enforcement Administration ("DEA") and an unnamed DEA "special agent," seeking the return of real and personal property that was seized in the Dominican Republic when he was arrested on an extradition warrant in 2000.  He alleges that

defendants conspired to withhold his property in contravention of federal statutes and of his constitutional rights. Plaintiff fails to mention, however, that he has already fully pursued these claims at least twice, albeit unsuccessfully, in other federal courts.

On August 26, 2002, plaintiff filed a motion for return of his property in *Ramos v. United States*, No. 4:05-cv-02189 (S.D. Tex. filed Aug. 26, 2002) (consolidated from *United States v. Arredondo*, No. 4:99-cr-00457 (S.D. Tex.)), at ECF No. 1 (Motion for Return of Property). The Southern District of Texas denied that motion, *see id*. at ECF No. 11 (Order), as well as his motion for reconsideration of same pursuant to Federal Rule 60(b), *see id*. at ECF No. 22 (Order). On January 7, 2007, the Fifth Circuit affirmed the determinations of the trial court. *See id*. at ECF No. 30 (USCA Judgment).

On July 27, 2010, plaintiff filed suit against the United States, again seeking the return of the property seized in the Dominican Republic and demanding an additional $51,546,000 in damages for alleged violations of federal law. *See Ramos v. United States*, 4:10-cv-02661 (S.D. Tex. filed Jul. 27, 2010), at ECF No. 1 (Complaint). On December 19, 2010, the Southern District of Texas denied the claims as barred by *res judicata*, *see id*. at ECF No. 14. (Findings of Fact & Conclusions of Law), and on April 5, 2011, the court denied his motion for reconsideration of same under Rule 60(b), *see id*. at ECF No. 16 (Order). On February 14, 2012, the Fifth Circuit affirmed the determinations of the trial court. *See id*. at 28 ("USCA Mandate"). More specifically, the Fifth Circuit agreed that plaintiff's claims were barred by *res judicata* due to the preclusive effect of the court's final judgment in *Ramos*, No. 4:05-cv-02189, because, despite requesting additional forms of relief and relying on some alternative sources of federal authority, plaintiff's claims still sought "redress for the same alleged wrong—the seizure of his property in the Dominican Republic. Thus his claims share[d] the same nucleus of operative facts[,]" USCA

Mandate at 5. The Fifth Circuit also specifically highlighted, with approval, the trial court's findings that, in addition to sharing the same nucleus of facts, the parties in both cases were the same, and that both courts were of competent jurisdiction that issued final decisions on the merits. *See id.* at 5–6 (citing cases).

For the very same reasons, plaintiff may not attempt "another bite at the apple" in this court. Just the same, in this District, "[t]he doctrine of *res judicata* prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983). Courts may dismiss *sua sponte* when they are on notice that a claim [or issue] has been previously decided because of the policy interest in avoiding 'unnecessary judicial waste.'" *Walker v. Seldman*, 471 F. Supp. 2d 106, 114 n.12 (D.D.C. 2007) (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)); *see accord Rosendahl v. Nixon*, 360 Fed. Appx. 167, 168 (D.C. Cir. 2010) (courts "may raise the *res judicata* preclusion defense *sua sponte*") (citing *Brown v. Dist. of Columbia*, 514 F.3d 1279, 1285–86 (D.C. Cir. 2008) (other citation omitted)); *see also Fenwick v. United States*, 691 F. Supp. 2d 108, 116 (D.D.C. 2010) (observing that the doctrines of *res judicata* and *collateral estoppel* "are so integral to the administration of the courts that a court may invoke [them] *sua sponte*.") (citations and internal quotation marks omitted).

This court notes that, although plaintiff, again attempts to, in part, reframe his claims in this matter under new and alternative statutory authority—most notably, the Alien Tort Claims Act, 28 U.S.C. § 1350—it is of no consequence. As discussed above, whether a case is duplicative or not turns on whether the two cases at issue share the same "nucleus of facts." *See Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Page v. United States*, 729 F. 2d 818, 820 (D.C. Cir. 1984)); *see also Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997).

And a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that "were or *could have been* raised in that action." *Drake*, 291 F.3d at 66 (emphasis in original) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see also Apotex, Inc. v. Food & Drug Admin.,* 393 F.3d 210, 218 (D.C. Cir. 2004). There is no question that this matter arises out of the same nucleus of facts as plaintiff's prior cases. Plaintiff was therefore clearly on notice of defendants' alleged wrongdoing, and there was no reason why he could not have cited this additional authority in his previous matters.

Moreover, plaintiff cannot circumvent this prohibition by now naming the DEA and the John Doe DEA agent[1] as defendants in this action, instead of the United States itself. "The government, its officers, and its agencies are regarded as being in privity for claim-preclusive purposes." *Wilson v. Fullwood*, 772 F. Supp. 2d 246, 261 (D.D.C. 2011) (collecting cases); *see Sunshine Anthracite Coal v. Adkins*, 310 U.S. 381, 402–03 (1940) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is *res judicata* in relitigation of the same issue between that party and another officer of the government.").

The prior final adjudications on the merits by the Southern District of Texas, affirmed by the Fifth Circuit, all courts of competent jurisdiction, bear preclusive effect on this matter, and the complaint is thus dismissed. The court also notes that, although no directive had yet been issued directing any payment in this matter, the Clerk of Court indicates that is has received a partial

---

[1] Additionally, the Local Rules of this Court state that "[t]hose filing *pro se in forma pauperis* must provide in the caption the name and full residence address or official address of each defendant[,]"or face dismissal, D.C. LCvR 5.1(c)(1). And "there is no provision in the federal statutes or federal rules of civil procedure for the use of fictitious defendants[,]" *Armstrong v. Bureau of Prisons*, 976 F. Supp. 17, 23 (D.D.C. 1997) (citing *Saffron v. Wilson*, 70 F.R.D. 51, 56 (D.D.C. 1975) (other citation omitted)), *aff'd*, No. 97-5208, 1998 WL 65543, (D.C. Cir. Jan. 30, 1998).

payment from plaintiff, which shall be promptly returned to him. A separate order accompanies this memorandum opinion.

Date:   April 10, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge